**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | **Civil Case No.** |
| **v.** | **:** | **7:11-cr-31 (HL)** |
| | **:** | |
| **ROBERT TUMBLING,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

_____

## ORDER

Before the Court is Defendant's Motion to Suppress (Doc. 30). The Court finds that Defendant did not have a reasonable expectation of privacy in the search area, and therefore, Defendant lacks standing to bring this Motion. As a result, this Motion is dismissed.

### I.    Background

On May 4, 2010, law enforcement officials obtained and executed a search warrant at 607 Alder Street, Ocilla, Georgia. The listed resident at this address is Vanessa Tumbling, Defendant's sister. During the search of the residence, law enforcement agents discovered suspected crack cocaine and a large sum of money. Defendant now challenges the search of his sister's residence.

### II.    Standing to Challenge a Search

The fourth amendment protects citizens against "unreasonable search and seizure." U.S. CONST. amend IV. However, to prevail on a claim under the fourth amendment, the defendant must carry the burden of demonstrating that he had a

legitimate expectation of privacy in the search area. United States v. Baron-Mantilla, 743 F.2d 868, 870 (11th Cir. 1984) (citing Rakas v. Illinois, 439 U.S. 128, 130 n. 1, 99 S.Ct. 421 (1978)). The evidence presented by the defendant must be viewed in the light most favorable to the government. Baron-Mantilla, 743 F.2d at 870.

The question of whether a defendant had a reasonable expectation of privacy focuses on the relationship between the defendant and the search area. United States v. Chaves, 169 F.3d 687, 690 (11th Cir. 1999). While ownership, or a lack thereof, may be one indicator of an expectation of privacy, it is not dispositive. Id. "Legal ownership is not a prerequisite for a legitimate expectation of privacy." United States v. Garcia, 741 F.2d 363, 365-66 (11th Cir. 1984). In fact, the Supreme Court of the United States has held that non-owners of property are still entitled to protection under the fourth amendment. See Minnesota v. Carter, 525 U.S. 83, 90, 119 S.Ct. 469, 473 (1998) (finding that an overnight houseguest has an expectation of privacy, but a person who is merely present in the house does not); O'Connor v. Ortega, 480 U.S. 709, 714-19, 107 S.Ct. 1492 (1987) (noting that employees have some expectation of privacy in the workplace).

In the absence of ownership, the Eleventh Circuit has held that a defendant may demonstrate a reasonable expectation of privacy by showing "'an unrestricted right of occupancy or custody and control of the premises as distinguished from occasional presence on the premises as a mere guest or

2

invitee.'" Baron-Mantilla, 743 F.2d at 870 (citing United States v. Bachner, 706 F.2d 1121, 1126 n. 6 (11th Cir. 1983)). However, "more evidence than possession of a key [is] necessary to satisfy [defendant's] burden of establishing a legitimate expectation of privacy." Baron-Mantilla, 743 F.2d at 870. For example, in Chaves, 169 F.3d at 691, the defendant possessed the only key to the search area and kept personal and business papers there, and these factors led to a determination that he had a reasonable expectation of privacy.

In this case, the statements of Defendant in his Motion to Suppress give the Court no reason to find that he had any reasonable expectation of privacy in the Alder Street residence. Defendant claims that he has a key to the residence on Alder Street and that "he enters the home when [the sister] is at work and as needed." (Doc. 30, p. 5.) However, Defendant does not allege that he ever shared ownership of the home, spent any length of time in the home, or kept any personal belongings there. Further, there is no evidence of how many people have keys to the home. Possession of a key and permission to enter the home do not suffice to provide Defendant with a reasonable expectation of privacy.

III.   **Conclusion**

The facts alleged by Defendant in his Motion to Suppress are insufficient to prove that he had a legitimate expectation of privacy. Without a privacy interest, the Defendant has no standing. Thus, the Court need not consider the government's additional claim that there was probable cause for the search warrant.

**SO ORDERED,** this 23rd day of September, 2011.

/s/ Hugh Lawson
HUGH LAWSON, SENIOR JUDGE

ebr